MARGARET HYNES AND ANOTHER, AS ADMINISTRATORS OF MICHAEL J. HYNES, DECEASED, APPELLANTS AND RESPONDENTS, *v.* WILLIAM A. CAMPBELL, RESPONDENT AND APPELLANT, AND ANOTHER, RESPONDENT.

*Assignments — assignee liable for moneys received before the filing of his bond — payment, of money advanced under a composition agreement not finally consummated, to unpreferred creditors while preferred creditors remain unpaid.*

A debtor made an assignment and certain of his unpreferred creditors entered into a composition deed by which they agreed to release him on payment of twenty per cent of their claims; the time limited in this deed was about to expire when a firm, which was negotiating for the debtor's stock and business, advanced moneys to the assignee, before the filing of his bond, to pay, and with which the assignee did pay such twenty per cent to the unpreferred creditors. Subsequently, the firm decided not to buy the business, but the assignee did not repay to the firm the amount so advanced by it.

In an action brought by a creditor of the assignor to compel an accounting by the assignee :

*Held,* that the moneys thus advanced to the assignee were, in fact, a part payment of the purchase-price of the debtor's stock and business.

That the assignee's payment to unpreferred creditors, while preferred creditors remained unpaid, was illegal ; and that he was liable to the assigned estate for the amount of said advances.

APPEAL by the plaintiffs, Margaret Hynes and Henry H. Bowers, as administrators of Michael J. Hynes, deceased, from so much of a judgment entered in the clerk's office of Kings county on the 14th day of January, 1891, as directed the defendant, William A. Campbell, as assignee of the defendant Daniel Van Winkle, to pay to William R. Barricklo, attorney for the said assignee, an allowance of seventy-six dollars; and further, that said assignee retain the sum of $439 for his disbursements, expended and to be expended.

Also an appeal by the defendant, William A. Campbell, as follows :

Please take notice that the defendant William A. Campbell appeals to the General Term of this court for the second department from so much and such portions of the order, judgment and decree herein entered in the office of the clerk of the county of Kings, on the 14th day of January, 1891, as reads as follows :

" *First.* That said exceptions so filed by said defendant Campbell be, and they hereby are, each and all overruled, and that said referee's corrected report, dated November 19, 1890, and with his findings, dated the same day, filed November 20, 1890, and the original report and findings as corrected be, and the same hereby are in all things confirmed, and that said assignee is indebted to said estate in the sum of $1,103.91, and interest, from April 15, 1887, $248.37, to wit, the sum of $1,352.28.

" *Second.* That out of the said funds in the hands of said assignee as assignee of the said estate of Daniel Van Winkle as aforesaid, the assignee pay   *   *   *   the further sum of $436.61 to Messrs. Hascall, Clarke & Vander Poel, plaintiff's attorneys, for their costs herein, together with the sum of $67\frac{61}{100}$ dollars as an extra allowance herein.

\*         \*         \*         \*         \*         \*         \*

" *Fourth.* That the rest and residue of said funds remaining in the hands of said assignee, William A. Campbell, after deducting the sums hereinbefore set forth, to wit, the sum of $1,019.22, is hereby directed to be paid by said assignee, William A. Campbell, to the plaintiffs herein.

" *Fifth.* In the event of the aforesaid sums of moneys not being paid by said assignee within thirty days from the service of a copy of this order on the attorney for said assignee, judgment may be entered against said William A. Campbell for the several sums hereinbefore set forth, with interest from the entry of this order.

" *Sixth.* That the said assignee do take good and sufficient vouchers for each and every payment so made, and if after reasonable diligence any of the persons so entitled to share in the said distribution cannot be found, or shall decline or neglect to accept their said share, then the share so belonging to such person shall be deposited in the People's Trust Company of Brooklyn to the credit of such persons.

" *Seventh.* It is further ordered, adjudged and decreed, that upon payment of the sums hereinbefore provided, with accrued interest, the said assignee shall upon presenting due proof of the same to one of the judges of this court, be entitled to an order relieving him of his liability as such assignee and releasing the sureties upon the bond filed by the said William A. Campbell, as assignee of said estate, from

all liability upon matters included in the aforesaid accounting, to all creditors who have appeared, and to such creditors as have not appeared after due citation, and to such creditors as have not presented their claims after due advertisement, and that the said application may be made without further notice."

The original plaintiff was Michael J. Hynes, who died during the pendency of this action, and the present plaintiffs, who were his administrators, were substituted in his place as parties plaintiff.

*T. F. Hascall,* for the plaintiffs.

*William R. Barricklo* and *William A. Campbell,* for the defendant.

BARNARD, P. J.:

The plaintiff is a judgment creditor of the defendant Daniel Van Winkle. He is also a preferred creditor under the assignment made by Van Winkle to the defendant Campbell. Soon after the assignment a composition deed was entered into whereby certain of the unpreferred creditors agreed to accept twenty cents in satisfaction of their debts. This agreement included nearly all the unpreferred debts of Van Winkle. The stock and business of the assignor was such that the firm of Karst & Costello wished to form a company and buy it in gross for a sum sufficient to pay all the debts under this composition. The amount was fixed at $8,500. Karst & Costello paid $2,500 in cash to Campbell with which to pay the unpreferred debts, which he did so far as the same would go, and which sum nearly paid up the unpreferred claims against Campbell. The balance of the $2,500 was used for the estate expenses. Karst & Costello then refused to carry out the agreement. The property was not delivered and the $2,500 was not returned. Karst & Costello were not among the creditors of Campbell, but were to be interested in the company to be formed. The assignee is liable to account for this $2,500. It was an executory sale of the stock to Karst & Costello.

It is true it was based upon an expectation that the company's scheme would have been carried out, but it was a receipt of part payment for the sale. The motive which led the firm to require

the payment of the unpreferred creditors with this part payment has no relevancy. The assignor was bound to execute the assignment, and if he paid unpreferred debts before the balance of the $8,500 was paid, he did so at his own risk. The $2,500 belonged to the trust estate and the referee properly held it to be assets.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs, upon plaintiffs' appeal, and also affirmed, with costs, on defendants' appeal.

IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNT OF CATHARINE BLAUVELT AND ANOTHER, AS EXECUTRICES OF THE WILL OF ISAAC I. BLAUVELT, DECEASED.

*Will — life estate, with power of sale, and disposition of the remainder.*

*Held*, that the power of sale given to the widow was only for the benefit of the estate, and that she was not entitled to the proceeds of sales made by her thereunder.

A gift of a life estate, with a power of sale, and a remainder over of all the property, are consistent dispositions.